[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS #109 AND #124
The plaintiff is the father of a child, born May 5, 1995. This action was commenced by the plaintiff prior to his birth. During the eleven (11) months of this child's short life, the action in court surrounding his care and support has no less than CT Page 3479 forty-six (46) entries. Both parents have involved themselves in asking the court to determine certain things about this child, including his surname.
On June 13, 1995, six (6) weeks after the birth of the child, the plaintiff agreed to pay child support in the amount of One Hundred ($100.00) Dollars per week, without prejudice. The defendant filed a motion to modify child support (#109) on July 13, 1995, and the plaintiff filed a motion to modify child support on October 12, 1995 (#124). No action was taken by either party on the issue of child support before the court until April 1, 1996.
The plaintiff claims that he is reducing his business for a number of reasons. One primary reason is his decision to provide care for the child while the mother of the child is at her work. He remains with the child during the week, during the daytime hours, with some exceptions.
The secretary/housekeeper/babysitter testified that she cared for the child approximately 2-3 hours per week, but that otherwise, the father was primarily responsible for his care. The plaintiff testified that he had made a conscious choice to reduce his work, so that he could be available to the child. He has a demonstrated earning capacity at reflected on his 1994 Federal Income Tax return, which was marked as Defendant's Exhibit 1 in this hearing. The primary source of his income is from investments. Financial affidavits submitted during the course of this proceeding indicate that the value of his assets has increased, while no debt has been incurred. The plaintiff claims that he should not be responsible for child support because his care of the child is extensive and that it saves the defendant real dollars on a weekly basis. The defendant claims that because of their need to have the plaintiff pick the child up and drop the child off at day care, she continues to have an obligation of Sixty-five ($65.00) Dollars per week, so the saving to her is not as argued by the plaintiff.
The defendant has made a claim for child support in the amount of Two Hundred, Sixty-seven ($267.00) Dollars per week based upon his 1994 income and her income. The defendant concedes that the computation for tax payments is incorrect insofar as she will be refunded the entire amount of taxes withheld for 1995. The claim of the defendant is that the plaintiff's ability to earn is well-demonstrated, and that his CT Page 3480 unilateral decision to be a week-day caregiver for the child should not disrupt the normal computation of child support. The court was unimpressed by the testimony of the plaintiff, who refused to answer questions in any fashion which could be credited by the court. He was defensive and belligerent. He had been subpoenaed to bring his 1995 tax information, but did not, because the paperwork was with his accountant in Denver, Colorado. The open hostility expressed through his testimony to the defendant and counsel was noted by the court. Those expressions made the court fear for the long-term well-being of the child. The defendant appeared to be bitter, and non-emotional. The parties express a contempt for one another which will be destructive to the health of the child if they do not accept responsibility for their adult decision to jointly bring a child into the world. The attempt to diminish the financial support is clearly an issue for both parties, who paid and accepted the child support payment of One Hundred ($100.00) Dollars per week for several months before accessing the court for a ruling.
The court has reviewed the child support guidelines, and orders that the plaintiff pay the sum of One Hundred ($100.00) Dollars per week as child support. The court recognizes that this avocation of the plaintiff is temporary, and that when school begins, at around age 3 for preschool, which would be expected for this child, based upon the asset picture of both parents, the time that the child spends with each of the parents will of necessity be changed. The defendant is well-employed, but has two children in addition to this child for whom she is responsible and for who she receives child support. She also has been careful with her assets, and is able to have some security for the future.
The plaintiff is able to generate funds to support himself and his child. While he claims a rather dramatic shortfall on his financial affidavit, he continues to employ a housekeeper, and claims expenditures for pets, gifts and travel, which have continued. He testified that he had credit cards, but shows no outstanding balances on those accounts. It does not appear that his claimed reduction in earnings has had any impact on his lifestyle choices.
The plaintiff clearly has the ability to financially support this child, in addition to the support in terms of time which he is currently willing to give to the child. The court hopes that CT Page 3481 the parties will allow the child to benefit from the socialization of a pre-school environment when he is old enough to enter. The court will in all likelihood have to supervise the allocation of cost and time at that developmental milestone as well.
This order is entered with prejudice.
DRANGINIS, J.